IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.

              No. 09-40031-02-SAC

MANUEL S. GARCIA,

    Defendant.

MEMORANDUM AND ORDER

  This case is before the court on the defendant Manuel S. Garcia's motion for the modification/reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the recent fast-track directive. (Dk. 100). Mr. Garcia argues that the United States Department of Justice's new department policy on fast-track sentencing programs comes within the terms of § 3582(c)(2) as a policy change that results in a lower sentencing range for him. The court summarily denies Mr. Garcia's motion as he lacks any plausible argument for such relief.

  Section 3582(c)(2) allows a court to modify a defendant's sentence of imprisonment when the defendant's "sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." The court sentenced Mr. Garcia to 120 months'

1

imprisonment (Dk. 66) based on a guideline range of 120 to 135 months (Dk. 64, p. 20). Under the sentencing guidelines, specifically U.S.S.G. § 5G1.1(b), the 120-month floor on Mr. Garcia's sentencing range was set by the ten-year statutory minimum sentence he faced under 21 U.S.C. § 841(b)(1)(A). (Dk. 64, p. 20). Mr. Garcia does not point to any statutory change that would reduce the ten-year mandatory minimum term of imprisonment to which he was sentenced. Consequently, Mr. Garcia cannot argue that any change to the guidelines here would have lowered his sentencing range or his sentence.1 *See United States v. Maldonado*, 2012 WL 2917869 (M.D. Fla. Jul. 17, 2012).

IT IS THEREFORE ORDERED that the defendant's motion for the modification/reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the recent fast-track directive (Dk. 100) is denied.

Dated this 30th day of October, 2012, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

1 Moreover, the new fast-track policy cited by Mr. Garcia is not applicable to him as his prior conviction is not for felony illegal reentry, and it is not an adjustment by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) as to trigger § 3582(c)(2) consideration. *United States v. Garcia-Medina*, 2012 WL 1673916 at *3-*4 (D. Kan. May 14, 2012).